**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

O

JS - 6

Case No. EDCV 11-1640 DOC (DTBx)                                 Date: December 29, 2011

Title: FRANCISCO LOPEZ et al. V. FV-I, INC., et al.

---

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                     Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                        Not Present
Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

      NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO REMAND

Before the Court is a Motion to Remand ("Motion to Remand") filed by Plaintiffs Francisco Lopez and Socorro Lopez ("Plaintiffs"). (Docket 10). Also before the Court is a Motion to Dismiss filed by Defendants Morgan Stanley Capital Holdings, LLC and Saxon Mortgage Services, Inc. ("Defendants"). (Docket 5). The Court finds the matters appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion to Remand. Consequently, the Court DENIES as MOOT the Motion to Dismiss.

     **I. BACKGROUND**

     Plaintiffs allege that Defendants wrongfully sold Plaintiffs' home in a non-judicial foreclosure sale on March 11, 2011. Motion to Remand, 3. Plaintiffs assert breach of contract and promissory estoppel claims based on the alleged breach of a modified stipulation agreement regarding Plaintiffs' mortgage payments, as well as statutory causes of action under California Civil Code § 2923.5, and California Civil Code § 2932.5. Defendants removed the present case to this Court on

October 12, 2011 alleging diversity jurisdiction (Docket 1). Plaintiffs now seek to remand.

## II. LEGAL STANDARD

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). A federal court has jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Because the Court concludes that Defendants have failed to show that the joinder of a diversity-destroying Defendant was improper, the Court does not reach the issue of the amount in controversy.

There is a "general presumption" that joinder of a non-diverse defendant is not fraudulent, that is, there is a general presumption that a plaintiff's sole purpose is not to defeat diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This is because the defendant, as the party seeking jurisdiction through removal, has the burden of establishing federal jurisdiction and any doubt as to jurisdiction must be construed in favor of remand. *Cf. Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). A defendant must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials*, 494 F.3d at 1206.

## III. DISCUSSION

As an initial matter, the Court would be well within its rights to remand this case based solely on Defendants' untimely filed Opposition. Local Rule 7-12. Defendants' Opposition was due on October 31, 2011 and yet was not filed until November 4, 2011. Defendants' failure to timely respond may be considered consent to the motion. The Court, however, reaches the same result after considering the merits of the Motion to Remand.

This action was removed to federal court on the basis of diversity jurisdiction, which requires that the controversy be between "citizens of different States."1 28 U.S.C. § 1332. However, because Defendant T.D. Service Company ("T.D.") is a citizen of California, complete diversity of citizenship between the parties does not exist if T.D. was properly joined. Defendants argue that T.D. is a "sham defendant" added to the present action simply to destroy federal jurisdiction. Opp'n 1-2.

Joinder of a party is fraudulent if no possible cause of action has been, or could be, stated against it. *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2001). A defendant contending that joinder is fraudulent must demonstrate that the plaintiff would be unable to establish liability against the non-diverse defendant. *Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318-1319 (9th Cir. 1998). Thus, to determine whether joinder of a non-diverse defendant is fraudulent, the court must examine "if the plaintiff fails to state a cause of action against a resident defendant, and the failure

is obvious according to the settled rules of the state." *Morris*, 236 F. 3d at 1067 (citing *McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987)).

Plaintiffs allege a number of claims against Defendant TD: breach of contract, promissory estoppel, California Civil Code § 2923.5, and California Civil Code § 2932.5. Curiously, Defendants only address the statutory bases for liability and fail to provide any explanation whatsoever as to why Defendant TD may not be held liable for Plaintiffs' California common law claims. As the party alleging fraudulent joinder, Defendants must demonstrate that Plaintiffs would be unable to establish liability against TD. Defendants have failed to meet this burden.

Accordingly, Plaintiffs' Motion to Remand is hereby GRANTED.

### IV. DISPOSITION

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.

The Clerk shall serve this minute order on all parties to the action.